## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01712-WJM-MJW

**JASON TERLIZZI** and **REBECCA TERLIZZI**, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**ALTITUDE MARKETING, INC.**, d/b/a 1 800 Solar USA, a Colorado corporation, and **GREENSKY, LLC**, a Georgia limited liability company,

Defendants.

---

## PROPOSED SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is set to take place on September 29, 2016 at 10:00 a.m. before Magistrate Judge Michael J. Watanabe.

Plaintiffs Jason Terlizzi and Rebecca Terlizzi ("Plaintiffs") are represented by Benjamin H. Richman and Courtney C. Booth of Edelson PC, 350 North LaSalle Street, 13th Floor, Chicago, Illinois 60654; telephone number (312) 589-6370.

Defendant GreenSky, LLC ("GreenSky") is represented by Tony Love and Barry Goheen of King & Spalding LLP, 1180 Peachtree Street, Atlanta, Georgia 30309; telephone number (404) 572-4600.

Defendant Altitude Marketing, Inc. ("Altitude") is represented by Joel S. Neckers and Andrew W. Myers of Wheeler Trigg O'Donnell, LLP; telephone number (303) 244-1800.

## 2.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because (i) the proposed Classes consist of more than 100 members; (ii) the parties are minimally diverse, since members of the proposed Classes, including Plaintiffs, are citizens of a different state from one of Defendants' home states; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.    **Plaintiffs:** Plaintiffs allege that Defendants violated Colorado's Uniform Consumer Credit Code ("UCCC"), Colo. Rev. Stat. Ann. § 5-5-201(1), when they made and attempted to collect on "supervised loans" with annual interest rates in excess of 12%, without the requisite supervised lender licenses. Altitude sells consumers home solar energy systems, while GreenSky brokers the unauthorized, high-interest supervised loans that consumers require to finance them.

Plaintiffs seek to represent a "GreenSky Class" consisting of Colorado residents who incurred a loan of less than $75,000 through GreenSky that was subject to an interest rate in excess of 12% per year, as well as an "Altitude Subclass" consisting of GreenSky Class members who purchased a solar panel energy system through Altitude.

Plaintiffs also seek relief under the Colorado Uniform Declaratory Judgment Act, Colo. Rev. Stat. Ann. § 13-51-101 *et seq.*, that (1) Defendants' loans are unenforceable because they were made without the necessary supervised lender licenses, (2) Defendants' loans are unconscionable under Colorado law, (3) the loan debts of Plaintiffs and the proposed Altitude Subclass are invalid and unenforceable under Colorado law because the loans were extended without a full written agreement and copy of the loan terms, (4) Plaintiffs and the proposed Altitude Subclass have the right to cancel their solar energy purchases they made from Altitude under Colorado law, and (5) Plaintiffs and the proposed Altitude Subclass can retain the solar energy systems.

b.    **Defendants:**

**Defendant GreenSky's Statement:** Defendant GreenSky has filed its motion to dismiss or, in the alternative, to compel arbitration and stay proceedings on the basis that Plaintiffs' claims are subject to an arbitration agreement and, as a consequence, the case should be dismissed or, in the alternative, stayed pending the outcome of the arbitration, which must be on an individual basis pursuant to the terms of the arbitration agreement.  Even if Plaintiffs' claims were not subject to arbitration and Plaintiffs had not agreed to pursue any claims against GreenSky on an individual basis only, class certification would still be inappropriate because of the numerous individualized issues that must be adjudicated for each class member's claim.

Further and in the alternative, Plaintiffs' claims against GreenSky should be dismissed because Virginia law governs the subject loan agreement and Virginia law

does not recognize the causes of action asserted by Plaintiffs against GreenSky.

**Defendant Altitude's Statement:** As set forth in Altitude's Motion to Dismiss the Complaint in Favor of Arbitration (ECF No. 23), Altitude asserts that Plaintiffs must individually arbitrate their claims against Altitude. Plaintiffs assert that they entered into certain loan agreements and seek damages as a result of that transaction and a declaration that those agreements are unenforceable due to alleged violations of Colorado's Uniform Commercial Credit Code ("UCCC"). The loan agreements contain a binding arbitration provision that includes claims against Altitude within its scope, and requires the parties to arbitrate both the merits of their dispute as well as any differences over the validity, enforceability, or scope of the arbitration provision. Further, the arbitration provision contains a class action waiver, which requires that the parties individually arbitrate their claims.

Alternatively, as to the substantive allegations of the Complaint, Altitude denies that it violated Plaintiffs' and the putative class members' rights. Altitude is not a "creditor" within the meaning of the UCCC, and thus the statute does not apply to Altitude. Further, Altitude denies the class allegations of the Complaint. Moreover, individual, rather than common, questions of fact and law will inevitably dominate the trial proofs in this case. Plaintiffs' claims depend on the individualized events that took place during their interactions with Altitude and GreenSky and so will the claims of the absent class members. Individual mini-trials will be necessary to resolve each class members' claim, thus defeating the typicality, commonality, predominance, and

superiority requirements of Rule 23. Altitude reserves the right to raise further defenses

to Plaintiffs' claims and class allegations should it be required to answer the Complaint.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

- Plaintiffs Jason and Rebecca Terlizzi are natural persons and residents of the state of Colorado.
- Defendant Altitude Marketing, Inc. does business as AMI Energy Solutions, AC Solar Solutions, Solar USA, and 1 800 Solar USA.
- Defendant Altitude Marketing, Inc. is a corporation incorporated and existing under the laws of the State of Colorado.
- Defendant Altitude Marketing, Inc.'s principal place of business is located at 8671 Wolff Court, Suite 300, Westminster, Colorado 80031.
- Defendant GreenSky, LLC is a limited liability company organized and existing under the laws of the state of Georgia.
- Defendant GreenSky, LLC's principal place of business is located at 5565 Glenridge Connector, Suite 800, Atlanta, Georgia 30342.

## 5.  COMPUTATION OF DAMAGES

Plaintiffs seek, on behalf of themselves and all others similarly situated, actual

damages in the amount of "three times the amount of the finance charge,"[1] exclusive of

interest and costs, which may be trebled pursuant to UCCC § 5-5-201(1), as well as

"reasonable attorney fees" pursuant to UCCC § 5-5-201(7). Plaintiffs also seek

declaratory judgments pursuant to Colo. Rev. Stat. Ann. §§ 13-51-101 *et seq.*

Defendants deny that Plaintiffs are entitled to relief.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting: Wednesday, September 14, 2016.

---

[1]      The exact amount of Plaintiffs' current finance charge is unknown at this time, but it was originally disclosed to be $46,299.68.

b.      Names of each participant and party he/she represented.

•      Courtney C. Booth, Amir Missaghi, and Jonathan Hodge – counsel for Plaintiffs Jason Terlizzi and Rebecca Terlizzi.

•      J. Tony Love – Defendant GreenSky, LLC.

•      Joel Neckers and Andrew W. Myers – Defendant Altitude Marketing, Inc.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Pursuant to Magistrate Judge Watanabe's Instructions for Preparation of Scheduling Order (Appendix F), the parties shall exchange Rule 26(a)(1) disclosures at or within 14 days after the Rule 26(f) meeting (on or before September 28, 2016).

Defendants note, however, that by agreeing to exchange initial disclosures they are not waiving their right to seek to preclude Plaintiffs from commencing discovery, if at all, until after the Court rules on Defendants' motions to dismiss.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties do not presently propose any changes to the timing or requirement of the Rule 26(a)(1) disclosures.

e.      Statement concerning any agreements to conduct informal discovery:

The parties have not presently reached any agreements, but they have agreed to discuss any potential informal discovery as the needs arise.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties have agreed to use a unified exhibit numbering system for their

6

depositions, to serve discovery requests and responses electronically, to provide

*Microsoft Word* versions of discovery requests, and to meet and confer regarding

telephonic depositions. The parties have also agreed to endeavor to reduce the cost of

discovery and litigation to the extent possible as litigation proceeds.

> g.    Statement as to whether the parties anticipate that their claims or defenses will
>        involve extensive electronically stored information, or that a substantial amount
>        of disclosure or discovery will involve information or records maintained in
>        electronic form.

Plaintiffs anticipate that discovery in this matter will involve electronic discovery

and have provided Defendants preservation letters with an overview of their proposed

protocol. The parties have agreed to further discuss the specifics of their proposed ESI

protocol at a later date when the parties have a better sense of whether Plaintiffs' claims

will be allowed to proceed in this forum or if the Court determines that discovery should

proceed now despite the pendency of Defendants' motions to dismiss.

> h.    Statement summarizing the parties' discussions regarding the possibilities for
>        promptly settling or resolving the case.

Plaintiffs and Defendant Altitude informally discussed the potential for settlement shortly

after Altitude was served, but were unable to reach an agreement at that time. Plaintiffs remain

open to continuing to discuss potential resolution at a settlement conference to be presided over

by the Court or a private mediator. Altitude remains willing to discuss settling Plaintiffs' claims on

an individual basis.  GreenSky is willing to discuss global settlement with Plaintiffs and Altitude

on an individual basis.

**7.  CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8.  DISCOVERY LIMITATIONS**

a.      Modifications which any party proposes to the presumptive numbers
        of depositions or interrogatories contained in the Federal Rules.

The parties do not anticipate needing interrogatories or depositions beyond the

numerical limits provided by the Federal Rules.

b.       Limitations which any party proposes on the length of depositions.

The parties do not propose to limit the length of depositions beyond that allowed

by the Federal Rules.

c.      Limitations which any party proposes on the number of requests for production
        and/or requests for admission.

The parties have agreed to limit the number of requests for production and

admission to twenty-five (25) each, subject to their being able to formally request more

on a showing of good cause.

d.      Other Planning or Discovery Orders

As stated above, Plaintiffs provided Defendant a proposed ESI protocol in their

preservation letters, and the parties have agreed to further discuss and file an

appropriate stipulation governing other ESI matters. The parties also intend to discuss

and submit to the Court for its review and approval a proposed protective order

governing the production and handling of confidential, proprietary, and otherwise

sensitive discovery materials in this matter when appropriate. Plaintiffs oppose

Defendants' position that a stay of discovery is appropriate. In addition to the fact that stays are generally disfavored in this District, there is no compelling reason why discovery should be stayed pending a resolution of Defendants' motions to dismiss or stay in favor of arbitration. This is especially true here because—as their response in opposition to Defendants' motions will explain more thoroughly—Plaintiffs contest the notion that they agreed to arbitrate their claims with Defendants. *See Wells v. Dish Network, LLC*, No. 11-cv-00269, 2011 WL 2516390, at *2 (D. Colo. June 22, 2011) ("While Defendant is correct that a favorable decision on its Motion to Arbitrate will obviate the need for further discovery conducted in this Court, given that the arbitration rules also provide for discovery . . . it is not clear that the circumstances of this case present a compelling reason [to stay discovery]."); *see also Lester v. Gene Exp., Inc.*, No. 09-cv-02648, 2010 WL 743555 (D. Colo. Mar. 2, 2010); *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104, 2009 WL 5184699 (D. Colo. Dec. 22, 2009); *Willingham v. Omaha Woodmen Life Ins. Soc.*, No. 09-cv-00090, 2009 WL 311154 (D. Colo. Feb. 6, 2009). But even if the parties ultimately proceed in arbitration, much of the same information (certainly with respect to Plaintiffs' individual claims) will still need to be discovered and moving forward with discovery now will actually increase efficiencies in that respect.

Defendants believe that a stay of discovery is appropriate pending the Court's resolution of the Defendants' motions to dismiss or stay in favor of arbitration. A stay is appropriate in the interests of judicial economy and because Defendants contend

that this Court is without power to adjudicate this case, as the parties agreed to arbitrate their claims. Defendants will file a joint motion formally making this request, if necessary, but note that this Court regularly grants stays of discovery while a motion to dismiss in favor of arbitration is pending. *See, e.g., Stender v. Cardwell*, No. 07-cv-02503-EWN-MJW, 2008 WL 544924 (D. Colo. Feb. 27, 2008) ("[A]bsent undue prejudice, discovery and other pretrial proceedings should await the resolution of a motion to stay or dismiss based upon the arbitrability of the subject dispute.") (citing LaFleur v. Teen Help, 342 F.3d 1145, 1152-53 (10th Cir. 2003)); *Max Software, Inc. v. Computer Assocs. Int'l, Inc.*, 364 F. Supp. 2d 1233 (D. Colo. 2005) (denying discovery pending resolution of a motion to compel arbitration concerning enforcement of arbitration clause); *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278 (D. Colo. Jan. 7, 2010) (finding stay of discovery pending resolution of motion to compel arbitration appropriate where "Plaintiffs' ability to litigate their case is not likely to be irreparably harmed by a stay," and where a pending motion may entirely dispose of an action).

## 9.  CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings:

The parties propose that the deadline for the joinder of parties and amendment of pleadings shall be Thursday, November 14, 2016 (45 days after the September 29, 2016 scheduling conference). If, however, all discovery is stayed pending a resolution of Defendants' motion to dismiss, then Plaintiffs propose that the cutoff be 45 days

following a ruling on the motion to dismiss—assuming, of course, the case proceeds in this Court thereafter.

      b.     Discovery Cut-off:

Plaintiffs propose that class and merits discovery begin immediately and proceed concurrently, and that fact discovery close on February 28, 2017. Again, should discovery be stayed now but proceed later, Plaintiffs propose that all discovery deadlines be set from the date of a ruling on Defendants' motion to dismiss.

Defendants propose that class and merits discovery be stayed pending the Court's ruling on Defendants' motions to compel arbitration. In the event those motions are denied, Defendants propose that discovery close 9 months from the date of denial.

      c.     Dispositive Motion Deadline:

Plaintiffs propose that they file their motion for class certification ninety (90) days after the close of discovery, i.e. on or before May 29, 2017, and that dispositive motions be filed no later than ninety (90) days after the Court's ruling on the class certification motion.

Defendants agree with this proposal, subject to the stay of all discovery pending the Court's ruling on their motions to dismiss in favor of arbitration, which prevents Defendants from agreeing to a date certain at this point.

      d.     Expert Witness Disclosure

      1.     The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs may call one or more experts to testify on class certification and merits

matters and reserve the right to call experts to testify on other matters as necessary.

Defendants may call one or more experts to testify on class certification and merits matters and reserve the right to call experts to testify on other matters as necessary.

2.      Limitations which the parties propose on the use or number of expert witnesses.

The parties do not propose any limitation on the use or number of expert witnesses.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

Plaintiffs propose that they designate expert witnesses related to class certification by February 28, 2017 (the close of fact discovery) and that they designate expert witnesses related to merits issues within thirty (30) days after the Court's ruling on class certification.

Defendants agree that expert witnesses should be disclosed in the first instance as of the close of fact discovery (subject to the same qualifications about staying discovery, above), but ask that the Court not bifurcate expert proceedings between class and merits discovery.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

Plaintiffs propose that Defendants designate rebuttal expert witnesses related to class certification by March 30, 2017, and that they designate rebuttal expert witnesses

related to merits issues within sixty (60) days after the Court's ruling on class

certification.

Defendants propose that they designate rebuttal expert witness within forty-five

(45) days of Plaintiffs' designation.

     e.     Identification of Persons to Be Deposed:

Plaintiffs seek to depose employees, agents, and representatives of Defendants

involved in the particular transaction at issue in this case, as well as one or more

corporate representatives of each of the Defendants, including, but not limited to,

persons with knowledge of (1) GreenSky's lending practices, (2) GreenSky's

relationships with merchants including Altitude, (3) Altitude's sales and marketing

practices.

Defendants seek to depose the named Plaintiffs and reserve the right to take

discovery, including by deposition, of absent class members. Defendants further

reserve the right to take depositions of such other persons with discoverable information

that are revealed through the discovery process. Defendants believe that the

depositions of each of the named Plaintiffs will take no more than seven (7) hours.

     f.     Deadline for First Sets of Interrogatories:

Plaintiffs propose that the parties exchange their first sets of interrogatories no

later than November 28, 2016 (or sixty (60) days from the Scheduling Conference).

Defendants propose that the parties exchange their first sets of interrogatories no

later than sixty (60) days from any denial by the Court of Defendants' motions to dismiss

or stay in favor of arbitration.

      g.     Deadline for First Sets of Requests for Production of Documents and/or Admissions:

Plaintiffs propose that the parties exchange their first sets of request for production of documents and/or admissions no later than November 28, 2016 (or sixty (60) days from the Scheduling Conference).

Defendants propose that the parties exchange their first requests for production of documents and requests for admissions no later than sixty (60) days from any denial by the Court of Defendants' motions to dismiss or stay in favor of arbitration.

## 10.  DATES FOR FURTHER CONFERENCES

      a.     Status conferences will be held in this case at the following dates and times:

_____.

      b.     A final pretrial conference will be held in this case on _____ at _____ o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

      a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The parties were unable to agree on a date as to when discovery would begin. Plaintiffs believe that discovery should start immediately, whereas Defendants, as explained more fully above, believe that discovery should start only

14

if and after the Court denies their motions to dismiss or stay.

b.     Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate that the length of the trial will be five to eight days,

depending on whether Plaintiffs' anticipated motion for class certification is granted.

c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

The parties do not seek to hold any pretrial proceedings at the Court's Colorado

Springs or Durango facilities.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon

the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local

rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The above scheduling order may be altered or amended only upon a showing of

good cause.


DATED at Denver, Colorado, this _____day of _____, 20__.

BY THE COURT:


_____
United States Magistrate Judge


APPROVED:


*/s/ Benjamin H. Richman*_____
Attorney for Plaintiffs Jason and Rebecca Terlizzi

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
329 Bryant Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*/s/ Barry Goheen*
Attorney for Defendant GreenSky, LLC

Barry Goheen
bgoheen@kslaw.com
J. Anthony Love
tlove@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Tel: 404.572.4600

*/s/ Andrew W. Myers*
Attorney for Defendant Altitude Marketing, Inc.

Joel Neckers
neckers@wtotrial.com
Andrew W. Myers
awmyers@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.187